In The
 Court of Appeals
 Seventh District of Texas at Amarillo

 ________________________

 No. 07-12-0459-CR
 ________________________
 
 JUAN PABLO RAMOS, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE
 

 
 On Appeal from the 21st District Court
 Bastrop County, Texas
 Trial Court No. 13763, Honorable Christopher D. Duggan, Presiding 

 
 April 4, 2013
 
 MEMORANDUM OPINION
 
 Before CAMPBELL and HANCOCK and PIRTLE, JJ.
 
 Following a plea of guilty to two counts of online solicitation of a minor, on October 8, 2009, Appellant, Juan Pablo Ramos, was granted deferred adjudication and placed on community supervision for ten years. On April 20, 2012, the State filed a Motion to Adjudicate alleging multiple violations by Appellant of his conditions of community supervision. At the hearing on the State's motion, Appellant entered pleas of true to two of the allegations and not true to four of the allegations. After hearing testimony from Appellant's community supervision officer and based on Appellant's pleas of true, the trial court adjudicated him guilty of both counts of the original offense and sentenced him to eight years confinement. In presenting this appeal, counsel has filed an Anders brief in support of a motion to withdraw. We grant counsels motion to withdraw and affirm.
In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of Anders and In re Schulman by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review. In re Schulman, 252 S.W.3d at 408. By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsels brief, should he be so inclined. Id. at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.
By the Anders brief, counsel does not raise any arguable issues to present to this Court but candidly concedes that a finding of a single violation of the conditions of community supervision is sufficient to support revocation. Additionally, Appellant's plea of true to two of the allegations, standing alone, suffices to support the revocation order. 
We review an appeal from a trial court's order adjudicating guilt in the same manner as a revocation hearing. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2012). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. Cardona, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial courts revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979). 
We have independently examined the entire record to determine whether there are any arguable issues which might support reversal of Appellant's conviction. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsels brief, we agree with counsel that there is no plausible basis for reversal. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). 
 Conclusion
The trial court's judgment is affirmed and counsel's motion to withdraw is granted. 
 Patrick A. Pirtle
 Justice

Do not publish.